UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HECTOR RENE LUGO-RIOS (01),<br><br>    Defendant. | Criminal No. 05-354 (JAF) |

**O R D E R**

We have been asked by the First Circuit to explain the particular reasons we denied Héctor Rene Lugo-Ríos' motion under 18 U.S.C. § 3143(a)(1)(2000 & Supp. 2006) for reconsideration of revocation of bail. Docket Document No. 476; Civ. No. 06-2178. Lugo, who had been convicted of violating 18 U.S.C. §§ 2, 371, 669, 982(a)(1), 982(a)(7), and 1956(h) on June 16, 2006, Docket Document No. 438, moved this court on July 5, 2006, to release him from jail pending his October 12, 2006, sentencing hearing. Docket Document No. 476. The government opposed Lugo's request on July 18, 2006. Docket Document No. 496. We originally denied Lugo's motion without any explanation in a July 26, 2006, order. Docket Document No. 499.

We begin by briefly explaining why we denied Lugo's motion for bail reinstatement so cursorily the first time it came before us. Lugo was one of ten defendants convicted in this case of violating 18 U.S.C. §§ 2, 271, 669, 982(a)(1), 982(a)(7), and 1956(h) on June 16, 2006, Docket Document No. 438, and of these ten defendants, Lugo is

Criminal No. 05-354 (JAF)                                                    -2-

the fourth to move for bail reinstatement under § 1343(a).  Docket Document Nos. 441, 445, 455.  By the time we entered a decision on Lugo's motion on July 26, 2006, Docket Document No. 499, we had already denied the first three of these § 1343(a) motions one week earlier, on July 19, 2006, in a detailed nine-page order.  Docket Document No. 498.  Upon reading Lugo's motion for bail reinstatement under § 1343(a), we found him ineligible for all the same reasons we had found three of his co-defendants ineligible.  We dismissed his petition so brusquely, then, not because the occasion did not merit any explanation, but because we simply assumed that our July 19, 2006, already provided a clear one.  Docket Document No. 499.

Lugo appealed on August 3, 2006, Docket Document No. 507, and upon reviewing his petition, the First Circuit observed that our July 26, 2006, order improperly failed to state reasons why Lugo was not eligible for bail reinstatement under § 3143(a), and remanded so that we may do just that.  CCA No. 06-2178 (citing Fed. R. App. P. 9(a)(1), which requires that a district court "state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant").  The First Circuit has remanded this case so that we can detail the reasons why we find Lugo ineligible for bail reinstatement under § 3143(a).  Id.  We proceed to that task now.

A convicted defendant has no constitutional right to bail and, in fact, the Bail Reform Act of 1984 establishes a presumption in

Criminal No. 05-354 (JAF)                                                    -3-

favor of detaining convicted defendants pending sentencing. United States v. Cátala Fonfrías, 612 F. Supp. 999, 1000 (D.P.R. 1985). A provision introduced by that very same act, however, provides an exception to that general rule, whereby a convicted defendant can overcome the detention presumption and pursue release pending his or her sentencing. Id. That statutory provision, codified at 18 U.S.C. § 1343(a)(1), states that a person who has been found guilty of an offense and who is awaiting imposition of sentence shall be detained, "unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released on bond pursuant to. . . § 1343( c)." Convicted defendants seeking their release from prison pending sentencing bear the burden of proof. Cátala Fonfrías, 612 F.Supp. at 1000.

   Lugo argues that he does not pose any danger to the community by pointing to the fact that he is sixty-five years old and has several medical problems. Docket Document No. 476. Lugo's allegedly weakened physical state does not, however, address our worries about the danger he poses to the community. While we agree that Lugo does not pose any physical danger to members of the community, we must also weigh whether Lugo poses a pecuniary threat to the community and to the Union. United States v. Masters, 730 F. Supp. 686, 689 (W.D.N.C. 1990)(finding the defendant, who had continued to participate in legally questionable investment schemes throughout

Criminal No. 05-354 (JAF)                                           -4-

trial, to be a pecuniary danger to the community because the court believed that defendant was "an unrepentant con artist who will continue to prey on any person gullible enough to listen to his sales talk"); United States v. Moss, 522 F.Supp. 1033, 1035 (E.D.Pa. 1981). In this regard we fear that Lugo, who has been convicted of embezzlement, money laundering, and more, continues to pose a threat, and he presents no evidence to assuage our concern, let alone clear and convincing evidence as is the standard under § 1343(a). Docket Document No. 438. Chief among our worries is that Lugo, who has worked as President of the Union he embezzled money from for thirty-five years, Docket Document No. 476, has established continuing relationships with organization insiders who remain in managerial and trust positions. What is more, the undersigned recently learned in courtroom testimony relating to this case[1] that Lugo himself continues to serve as an adviser offering advice to the Union despite his recent embezzlement conviction. After having suffered so many years of criminal exploitation by Lugo already, the Union's members deserve protection from the very real threat that Lugo, if released, may abuse his influence at the Union to once again misappropriate assets held in trust for their benefit.

---

[1] The testimony arose during the trial of Andrés Carrasquillo-Colón. Carrasquillo, who was indicted along with Lugo, Docket Document No. 2, had his prosecution severed from the rest of the co-defendants in this case when he fell ill with pneumonia earlier this year. Docket Document Nos. 370, 396. The undersigned is currently presiding over Carrasquillo's rescheduled trial.

Criminal No. 05-354 (JAF)                                                      -5-

United States v. Provenzano, a case from the Third Circuit, inspires us to exercise this caution with regard to Lugo's release. 605 F.2d 85 (3rd Cir. 1979). In Provenzano, which involved a defendant convicted of abusing his influence in a labor union for his own pecuniary gain, the district court denied bail pending sentencing after noting that the defendant's brothers and daughter still held executive union posts. The brothers' and daughter's positions, the district court held, evidenced that the defendant had enough influence and opportunity at the union to once again pose a pecuniary risk to the community were he released. Id. The Third Circuit affirmed the district court's ruling. Id.

Just as the Provenzano court worried that the defendant in that case, if released, would take advantage of his family's continuing control of the union to commit further abuses, so too do we fear that Lugo, if released, would take improper, perhaps criminal, advantage of his existing union connections.

Finally, with respect to flight risk, Lugo submits that his compliance with bail terms all throughout trial evidences that he will continue to comply with bail terms, and not flee, as he awaits sentencing. Docket Document No. 476. We are not convinced, however, that a defendant's compliance with bail terms during trial, when he remains hopeful for an acquittal, is a solid predictor of what he or she will do if let out on bail post-conviction, when incarceration is assured. Compare United States v. Lavandier, 14 F. Supp. 2d 169, 174

Criminal No. 05-354 (JAF)                                                    -6-

(D.P.R. 1998)(doubting that trial-stage compliance with bail terms means that post-conviction bail-term compliance is likely), with Harris v. United States, 404 U.S. 1232, 1236 (1971)(J. Douglas, in chambers)(granting defendant's application for bail pending appeal when, inter alia, he had never failed to make a required court appearance while previously out on bail). Our concern about Lugo's flight risk is further aggravated by the fact that his embezzlement of health care funds is a crime whose substantial proceeds improves his financial capacity to forfeit bond and/or create a new life outside of the United States. United States v. Londono-Villa, 898 F. 2d 328, 329-30 (2nd Cir. 1990)(reversing district court's finding that defendant did not pose a flight risk when the sum of money involved in his crime dwarfed the $1 million bond); See also Docket Document No. 496 (government noting that Lugo was wealthy and liquid enough to quickly produce $600,000 all at once to pay back taxes in September 2004).

   The day the jury verdict was read against Lugo and his co-defendants, and their bail revoked, the undersigned observed in open court that the detention of a criminal defendant immediately after his conviction foments the deterrent effect of the criminal law by publicly highlighting the consequences to criminal behavior. Lugo now references the undersigned's comments, which are unquestionably true, as evidence that his bail was revoked unjustifiably and vindictively. This argument is an irrelevant red herring, for as we

Criminal No. 05-354 (JAF)                                                -7-

have just discussed, the necessary inquiry in this case has only to do with whether Lugo has shown this court by clear and convincing evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). This he has not done, and so we, therefore, cannot reinstate bail pending sentencing as he would like.

In accordance with the foregoing, we find that Lugo has not presented clear and convincing evidence showing that he would not pose a pecuniary danger to the community or the community served if he were released on bail pending sentencing, and that he is not a flight risk; therefore, we **DENY** his motion to reinstate bail.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of September, 2006.

                                        S/José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                        U. S. District Judge